# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE SYLVESTER WATTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 06-1955 (RJL) |
| | ) ECF |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Respondent. | ) |
|  | ) |

## <u>MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT</u>

Respondent, the Federal Bureau of Prisons ("BOP"), through and by undersigned

counsel, hereby submits this Motion to Dismiss or in the Alternative for Summary Judgment

pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative Fed. R. Civ. P. 56, on the grounds that

Petitioner failed to exhaust his administrative remedies and that no genuine issue of material fact

exists.  Additionally, because other remedies are available to Petitioner, mandamus is not the

appropriate remedy.  Therefore, Respondent is entitled to judgment as a matter of law.

In the alternative, Respondent respectfully requests this Court to stay these proceedings

pending Petitioner's payment of the full filing fee because Petitioner has filed at least three prior

suits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim

upon which relief may be granted.  Accordingly, Petitioner is not entitled to *in forma pauperis*

status under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.[1]

---

[1]  Because the "three strikes" provision affects the Petitioner's ability to bring the suit,
this motion is intended only to revoke Petitioner's *in forma pauperis* status and is not intended as
a motion pursuant to Fed. R. Civ. P. 12.  Therefore, the United States respectfully reserves any
and all defenses available under Rule 12, other than the one set forth herein.

Petitioner should take notice that any factual assertions contained in the affidavits and other attachments in support of Respondent's motion will be accepted by the Court as true unless the Petitioner submits his own affidavits or other documentary evidence contradicting the assertions in the Respondent's attachments. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

In support of this motion, Respondent respectfully refers the Court to the accompanying Memorandum of Points and Authorities in Support and accompanying Statement of Material Facts Not In Dispute. A proposed Order consistent with this Motion is attached hereto.

Dated January 19, 2007.

                              Respectfully submitted,


                              _____/s/_____
                              JEFFREY A. TAYLOR
                              D.C. Bar #498610
                              United States Attorney


                              _____/s/_____
                              RUDOLPH CONTRERAS
                              D.C. BAR #434122
                              Assistant United States Attorney


                              _____/s/_____
                              MERCEDEH MOMENI
                              Assistant United States Attorney
                              Civil Division
                              555 4th Street, N. W.
                              Washington, D.C.  20530
                              (202) 305-4851

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 06-1955 (RJL) |
| | ) | ECF |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LCvR 7(h), Respondent hereby submits the following statement.

1.     Petitioner, is currently incarcerated at the United States Penitentiary, Lee County, Virginia ("USP Lee Count") and has filed at least 54 other suits in various federal courts.  *See* Compl. and Respondent's Exhibit A, PACER Case Index Report.

2.     According to court records, on June 29, 2006, the United States District Court for the Western District of Virginia dismissed Petitioner's civil action number 7:06CV00392 for failing to state a claim upon which relief may be granted.  *See* Def. Exh. B, Memorandum Opinion and Final Order, Civil Action No. 7:06CV00392, United States District Court for the Western District of Virginia.

3.     On May 31, 2006, Petitioner's civil action number 7:06CV00334 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  *See* Def. Exh. C, Memorandum Opinion and Final Order, Civil Action No. 7:06CV00334, United States District Court for the Western District of Virginia.

4.     On May 12, 2006, the United States District Court for the Western District of Virginia dismissed Petitioner's civil action number 7:06CV00291 for failing to state a claim upon which relief may be granted.  *See* Def. Exh. D, Memorandum Opinion and Final Order, Civil Action

1

No. 7:06CV00291, United States District Court for the Western District of Virginia.

5.      On January 31, 2006, Petitioner's civil action number 7:05CV00601 was dismissed for failing to state a claim upon which relief may be granted.  *See* Def. Exh. E, Memorandum and Final Order, Civil Action No. 7:05-CV-00601, United States District Court for the Western District of Virginia.

6.      On May 6, 2005, Petitioner's civil action number 7:05-CV-00258 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.  *See* Def. Exh. F, Memorandum Opinion and Final Order, Civil Action No. 7:05-CV-00258, United States District Court for the Western District of Virginia.

7.      On December 16, 2004, Petitioner's civil action number 7:04-CV-00740 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.   *See* Def. Exh. G, Memorandum Opinion and Final Order, Civil Action No. 7:04-CV-00740, United States District Court for the Western District of Virginia.

8.      On July 29, 2002, Petitioner's civil action number 1:02-CV-00861 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.   *See* Def. Exh. H, Docket Entry 4, Civil Action No. 1:02-CV-00861, United States District Court for the Eastern District of Virginia.

9.      On April 15, 2002, Petitioner's civil action number 1:02-CV-00432 was dismissed pursuant to 28 U.S.C. § 1951A(b)(1) for failure to state a claim.  *See* Def. Exh. I, Docket Entry 3, Civil Action No. 1:02-CV-00432, United States District Court for the Eastern District of Virginia.

10.     Via letter dated July 27, 2006, Petitioner requested certain information, pursuant to the

2

Freedom of Information Act ("FOIA").  *See* Compl. p.1, and Def. Exh. N, Petitioner's Request.

11.    Respondent responded by letter dated September 15, 2006.  In the letter, BOP advised

Petitioner to either reformulate his request or provide an advance payment.  *See* Exhibit attached

to Compl.

12.    Petitioner did not reformulate his request, provide an advance payment or appeal BOP's

decision.  *See* Decl. Of Lara Crane, Exh. O, ¶ 6.

<div style="margin-left:40%">

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

</div>

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANDRE SYLVESTER WATTS,       )
                                           )
                  Petitioner,     )
v.                                   )   Civil Action No. 06-1955 (RJL)
                                     )   ECF
FEDERAL BUREAU OF PRISONS,   )
                                           )
                  Respondent.   )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**
**OR IN THE ALTERNATIVE TO STAY PROCEEDINGS**

**Statement of the Case**

Petitioner, Andre Sylvester Watts, is currently incarcerated at the United States

Penitentiary, Lee County, Virginia ("USP Lee County"), located in the geographical jurisdiction

of the Western District of Virginia. Petitioner brings this mandamus action *pro se* against the

Federal Bureau of Prisons ("BOP") pursuant to 28 U.S.C. § 1361, seeking to compel the BOP to

respond to his Freedom of Information Act ("FOIA") request. *See* Compl.

Petitioner is a serial filer of complaints, having filed over 54 suits in various federal

courts. *See* Respondent's Exhibit A, PACER Case Index Report. Of these suits, at least eight of

his civil suits have been dismissed such that they count as strikes under the PLRA. A brief

description of the eight dismissed cases is outlined in Respondent's Statement of Material Facts,

paragraphs 2-9.

The instant action is based on Petitioner's FOIA request dated July 27, 2006 ("July 2006

Letter"). See Exh. N. In his July 2006 Letter Petitioner requested any and all information

submitted to the U.S. Parole Commission regarding the Petitioner; information regarding an

1

incident report dated July 23, 2006; any and all grievances filed against Case Manager Willis and

any and all psychological referrals by Unit Manager Myers, Case Managers or any other

Executive or Administrative Personnel at USP Lee County to the psychology department.  *Id*.

Respondent responded by letter dated September 15, 2006.  *See* Exhibit attached to Compl.  In

the letter, BOP advised Petitioner to either reformulate his request or provide an advance

payment.  *Id*.  Petitioner did not reformulate his request, provide an advance payment or appeal

BOP's decision.  *See* Crane Decl. , Exh. O ¶ 6.

Respondent therefore moves to dismiss the instant Complaint for failure to state a claim

upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary

judgment, *see* Fed. R. Civ. P. 56(c).

## Standard of Review

### I.  Motion to Dismiss

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court

must determine whether the plaintiff has alleged sufficient facts in its complaint to state a cause

of action.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The Court must accept all well-pleaded

facts as true.  *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985).

"However, the court need not accept inferences drawn by plaintiffs if such inferences are

unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions

cast in the form of factual allegations."  *Kowal v. MCI Communications Corp.*, 16 F.3d 1271,

1276 (D.C. Cir. 1994).  If, after reviewing the complaint, the Court finds "the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief," the Court must dismiss

the complaint.  *Conley*, 355 U.S. 45-46. Generally Speaking, the Court should not consider

matters beyond the pleadings without converting the motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

Nonetheless, there are important exceptions to this general principle. The Court may properly take judicial notice of court records without converting a motion to dismiss into a motion for summary judgment. *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001)("in determining whether a complaint fails to state a claim, the court may. . . take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); *Himmelman v. MCI Communications*, 104 F. Supp. 2d 1, 3 (D.D.C. 2000)("The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record.")

## II. **Summary Judgment**

Where no genuine dispute exists as to any material fact, summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Id.* at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, the Petitioner (as the non-moving party) must present some objective

3

evidence that would enable the Court to find he is entitled to relief.  In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.  477 U.S. 317, 322-23 (1986).  In *Anderson* the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff."  *Anderson, 477 U.S. at 252; see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir.  1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).

In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  *See Cappabianca v. Commissioner, U.S. Customs Serv.*, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure.  *Students Against Genocide v. Dept. of State*, 257

F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. *Hayden v. NSA*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 742 (9th Cir. 1980); *Trans Union LLC v. FTC*, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). *See also McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983), *modified on other grounds,* 711 F.3d 1076 (D.C. Cir. 1983); *Citizens Commission on Human Rights v. FDA,* 45 F.3d 1325, 1329 (9th Cir. 1995); *Bowen v. FDA*, 925 F.2d 1225, 1227 (9th Cir. 1991); *Public Citizen, Inc. v. Dept. of State*, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), *aff'd in part, rev'd in part*, 276 F.3d 634 (D.C. Cir. 2002).

## Legal Argument

## I.  Petitioner Failed to Exhaust His Administrative Remedies.

For Freedom of Information Act causes of action, "[e]xhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to

support its decision." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir.

1990)(citing *McKart v. U.S.*, 395 U.S. 185, 194 (1969)).  "[A]s a jurisprudential doctrine, failure

to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular

administrative scheme' supports such a bar." *Oglesby*, 920 F.2d at 61.  Thus, the administrative

scheme supports exhaustion.

      Moreover, permitting Petitioner to pursue this action without the benefit of completing

the administrative procedures, in place, "would undercut 'the purpose of exhaustion, namely,

"preventing premature interference with agency processes, . . . afford[ing] the parties and the

courts the benefit of [the agency's] experience and expertise, . . . [or] compil[ing] a record which

is adequate for judicial review." *Hidalgo v. Federal Bureau of Investigation*, 344 F.3d 1256

(D.C. Cir. 2003)(quoting *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993)).

      Here, Petitioner filed his mandamus action without first completing the administrative

process.  In his July 2006 Letter Petitioner requested (1) information submitted to the U.S. Parole

Commission regarding the Petitioner; (2) any and all information regarding an incident report

dated July 23, 2006; (3) any and all grievances filed against Case Manager Willis and (4) any

and all psychological referrals by Unit Manager Myers, Case Managers or any other Executive

or Administrative Personnel at USP Lee County to the psychology department.  *See* Exh. N and

Exh. attached to Compl.

      BOP determined that the "data [Petitioner] request[ed] [wa]s not maintained in such a

way that it [could] easily be retrieved," rendering Petitioner's request unreasonably burdensome.

*See American Federation of Gov't Employees v. U.S. Dep't of Commerce*, 907 F.2d 203, 209

(D.C. Cir. 1990), and Exh. attached to Compl.  Accordingly, BOP advised that Petitioner should

reformulate his request or provide advance payment of the estimated fee. *Id*. at 1-2. He utterly failed to reply or take advantage of the opportunities afforded him. *See* Crane Decl. ¶ 6, Exh. O.[2] Had he simply narrowed his request, or attempted to make an advanced payment, there would be no need to burden the Court's limited resources now. As Petitioner failed to complete the administrative process and has failed to provide any reason why he should be excused from the exhaustion requirement, this action should be dismissed.

## II. __Petitioner Has Failed To Meet His Burden for a Writ of Mandamus__.

Petitioner requests that this Court issue a writ of mandamus ordering BOP to release certain documents regarding an incident that occurred at USP Lee County in the summer of 2006 and events that followed. The Mandamus Act, provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. Mandamus is considered "an extraordinary remedy to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *Cobell v. Norton*, 334 F.3d 1128, 1137 (D.C. Cir. 2003) (*quoting Gulfstream*); *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (mandamus is appropriate only where the

---

[2] Because the determination was not a final agency decision Respondent's September 15, 2006 response did not advise Petitioner of any appeal rights. However, Petitioner is well versed in the FOIA procedures, having filed eight FOIA requests since 2005. *See* Def. Exh. J, FOIA Report. At least three of Petitioner's previous requests have advised Petitioner of a filer's appeal rights and the procedures to follow to file an appeal. *See* Def. Exh. K, October 14, 2005 response letter to FOIA Request No. 2005-08621; Def. Exh. L, April 7, 2006 response letter to FOIA Request No. 2006-03865; Def. Exh. M, September 12, 2006 response letter to FOIA Request No. 2006-09401. Here, even assuming *arguendo* that Petitioner believed BOP's determination to be incorrect, he did not attempt to take his concerns any further.

circumstances are "extraordinary" and "only in the clearest and most compelling of cases.");

*Jarecki v. United States*, 590 F.2d 670, 674 (7th Cir. 1979), *reh'g. and reh'g. en banc denied*

(1979)*, cert. denied*, 444 U.S. 829 (1979); *Haneke v. Secretary of Health, Education and*

*Welfare*, 535 F.2d 1291, 1296 (D.C. Cir. 1976).

   In *Jones v. Alexander*, 609 F.2d 778 (5th Cir. 1980), *cert. denied*, 449 U.S. 832 (1980),

the Fifth Circuit stated that "Three elements must exist before mandamus can issue:  (1) the

plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and

(3) no other adequate remedy must be available."  *Id*. at 781.  Other courts have applied these, or

substantially similar, elements.  The D.C. Circuit has stated that a plaintiff must establish that his

or her "right to relief is 'clear and indisputable,' and there is 'no other adequate means' by which

the petitioner may attain the relief it seeks." *Cobell*, 334 F.3d at 1137; *In re Sealed Case*, 151

F.3d 1059, 1063 (D.C. Cir. 1998); *In re Kessler*, 100 F.3d 1015, 1016 (D.C. Cir. 1997).

   Accordingly, where the complaint seeks actions that may be remedied by other means,

mandamus is not the appropriate remedy.  *See, e.g.*, *Heckler v. Ringer*, 466 U.S. 602, 616 (1984);

(mandamus is "intended to provide a remedy for a plaintiff only if he has exhausted all other

avenues of relief . . ."); *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976); *Cobell*,

334 F.3d at 1138 ("[Petitioner] has not shown that an appeal from the district court's eventual

entry of an injunction, if and when that occurs, would not provide it with adequate relief.");

*Stephens v. Dep't. of Health & Human Services,* 901 F.2d 1571,1576 (11th Cir. 1990) ("The

CSRA provides adequate remedial mechanisms."); *Wilder*, 846 F.2d at 621 ("[Petitioner] did not

face an inadequacy of remedy if he had timely pursued his appeal to the [MSPB]."); *Chaplaincy*

*of Full Gospel Churches v. Johnson*, 276 F.Supp.2d 82, 84 (D.D.C. 2003) ("[T]he ongoing

litigation in this court constitutes an alternative 'adequate remedy.'") (internal citation omitted).

Because the Petitioner here has not exhausted his administrative remedies, the matter could potentially be addressed at the agency level and he is not entitled to petition this Court for mandamus regarding his FOIA request in question.  Thus, Petitioner cannot meet his burden of showing that there is no other adequate remedy available to him and his Complaint should be dismissed.

### III.  Petitioner is not Entitled to *in Forma Pauperis* Status.

To reduce the number of meritless claims filed by inmates, Congress established new standards for the grant of *in forma pauperis* status through the enactment of the PLRA.  *See Chandler v. D.C. Dept. Of Corrections*, 145 F. 3d 1355, 1357 (D.C. Cir. 1998).  The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required to pay an initial partial filing fee and then the balance of the entire filing fee in monthly installments.  *See* 28 U.S.C. § 1915(g); *Chandler*, 145 F.3d at 1357.  However, absent imminent danger[3] of serious physical harm, an inmate may not proceed *in forma pauperis* if the inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the "three strikes" provision).  *See* 28 U.S.C. § 1915(g); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999); *Chandler*, 145 F.3d at 1357.  If an inmate is denied *in forma*

---

[3] An inmate faces "imminent danger" when a "threat or prison condition is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Imminent danger is measured at the time the complaint or appeal is filed or when the motion to proceed *in forma pauperis* is made.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-314 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

*pauperis* status and fails to pay the full filing fee, the case should be dismissed. *See Smith*, 182 F.3d at 30.

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g). *See Ibrahim*, 208 F.3d at 1036. Additionally, dismissals for failure to exhaust administrative remedies have been held to count as strikes under § 1915(g) since such dismissals are "tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003)(dismissal for failure to exhaust may count as a strike for purposes of § 1915(g)); *but see Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)(dismissal for failure to exhaust is not a strike).

Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike. *See* 28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004); *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th cir. 1996). However, properly filed habeas petitions normally are not considered strikes under the PLRA. *See Blair-Bey v. Quick*, 151F.3d 1036, 1040-42 (D.C. Cir. 1998).

In the present case, this Court granted Petitioner's motion to proceed *in forma pauperis* on October 10, 2006. *See* Docket No. 5. There are, however, at least three prior cases filed by Petitioner that were dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.*, Def. Exh. B-I. In fact, as set forth above, Petitioner is a serial filer having filed over 65 suits in various federal courts. *See* Def. Exh. A, PACER Case Index Report. Of these suits, at least 7 have been dismissed such that they count as strikes under the PLRA. *See* Def. Exh. B through I.

10

While § 1915(g) contains a safety valve for actions involving imminent danger of serious harm, the present action does not qualify for the safety valve. *See* 28 U.S.C. § 1915(g). Petitioner seeks the release of information submitted by the Bureau of Prisons to the U.S. Parole Commission, information related to a discipline report dated July 23, 2006, and copies of grievances filed against a particular staff member and any referrals by staff to the Psychology Department at USP Lee County. *See e.g.*, Compl. and Attachments. Therefore, because this is not a case that involves the imminent danger of serious harm, the Court should revoke Petitioner's *in forma pauperis* status, require Petitioner to pay the full filing fee, stay this action pending Petitioner's payment of the full filing fee, and dismiss this action if he fails to pay.

**Conclusion**

For all the foregoing reasons, Petitioner's claim should be dismissed for failure to exhaust his administrative remedies.  Alternatively, because Petitioner has filed three or more suits that were dismissed as frivolous, malicious or for failure to state a claim, the Court should revoke Petitioner's *in forma pauperis* status, require Petitioner to pay the full filing fee, stay this action pending Petitioner's payment of the full filing fee, and dismiss this action if he fails to pay.

<div align="right">

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2007, I caused the foregoing Reply in

Support of Motion to for Summary Judgment to be served on Petitioner, postage prepaid,

addressed as follows:

**ANDRE SYLVESTER WATTS**
R13799-083
Lee County United States
Penitentiary
P.O. Box 305
Jonesville, VA 24263-0305


                                                              /s/
                                            _____
                                            MERCEDEH MOMENI
                                            Assistant United States Attorney
                                            555 4th Street, NW
                                            Washington, D.C.  20530
                                            (202) 305-4851

13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW SYLVESTER WATTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Civil Action No. 06-1955 (RJL) |
| | )    (ECF) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

<u>**ORDER**</u>

UPON CONSIDERATION OF Respondent's Motion to Dismiss or in the Alternative for Summary Judgment and the entire record herein, it is this _____ day of _____, 2007,

**ORDERED** that Respondent's Motion is **GRANTED**; and it is

**FURTHER ORDERED** that Petitioner's Complaint is Dismissed with Prejudice.

_____
UNITED STATES DISTRICT JUDGE

1

# U.S. Party/Case Index

## Civil Name Search Results

**66 Total Party matches for selection WATTS, ANDRE SYLVESTER for ALL COURTS**
**Search Complete**
**Wed Oct 11 13:56:53 2006**
**Selections 1 through 54 (Page 1)**

●Download (2 pages $ 0.08)


Next 12

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 1  WATTS, ANDRE SYLVESTER | wvndce | 1:2004cv00040 | 05/18/2005 | 530 | 12/06/2005 |
| Watts v. Smith, et al | | | | | |
| 2  WATTS, ANDRE SYLVESTER | dcdce | 1:2002cv00079 | 01/16/2002 | 550 | 01/16/2002 |
| WATTS v. USA | | | | | |
| 3  WATTS, ANDRE SYLVESTER | wvsdce | 2:2004cv00150 | 02/23/2004 | 530 | 03/04/2004 |
| Watts v. Smith, et al | | | | | |
| 4  WATTS, ANDRE SYLVESTER | wvndce | 1:2003cv00186 | 08/25/2003 | 440 | 12/23/2003 |
| Watts v. Federal BOP, et al | | | | | |
| 5  WATTS, ANDRE SYLVESTER | vawdce | 7:2006cv00208 | 04/10/2006 | 530 | 04/19/2006 |
| Watts v. Federal Bureau of Prisons | | | | | |
| 6  WATTS, ANDRE SYLVESTER | dcdce | 1:2002cv00214 | 05/08/2002 | 550 | 10/31/2002 |
| WATTS v. BOP | | | | | |
| 7  WATTS, ANDRE SYLVESTER | wvndce | 1:2003cv00234 | 11/03/2003 | 530 | 12/23/2003 |
| Watts v. Bledsoe, et al | | | | | |
| 8  WATTS, ANDRE SYLVESTER | wvndce | 1:2003cv00257 | 11/19/2003 | 530 | 12/23/2003 |
| Watts v. Bledsoe, et al | | | | | |
| 9  WATTS, ANDRE SYLVESTER | vawdce | 7:2005cv00258 | 05/02/2005 | 550 | 05/06/2005 |
| Watts v. George et al | | | | | |
| 10 WATTS, ANDRE SYLVESTER | vawdce | 7:2006cv00269 | 05/02/2006 | 550 | 05/18/2006 |
| Watts v. O'Brien et al | | | | | |
| 11 WATTS, ANDRE SYLVESTER | vawdce | 7:2005cv00270 | 05/04/2005 | 530 | 07/18/2005 |
| Watts v. Bledsoe et al | | | | | |
| 12 WATTS, ANDRE SYLVESTER | dcdce | 1:2001cv00284 | 09/13/2001 | 550 | |
| WATTS v. WILLIAMS, et al | | | | | |
| 13 WATTS, ANDRE SYLVESTER | vawdce | 7:2006cv00291 | 05/11/2006 | 530 | 05/12/2006 |
| Watts v. O'Brien | | | | | |
| 14 WATTS, ANDRE SYLVESTER | dcdce | 1:2005cv00299 | 02/09/2005 | 530 | 02/09/2005 |
| WATTS v. KING | | | | | |



EXHIBIT
A

10/11/2006

15 WATTS, ANDRE SYLVESTER vawdce 7:2006cv00334 05/30/2006  530  05/31/2006
Watts v. O'Brien

16 WATTS, ANDRE SYLVESTER dcdce    1:1999cv00341 02/16/1999  550  01/24/2000
WATTS, et al v. DC GOVERNMENT, et al

17 WATTS, ANDRE SYLVESTER dcdce    1:2006cv00341 02/27/2006  550
WATTS v. OFFICE OF THE SECRETARY OF STATE

18 WATTS, ANDRE SYLVESTER dcdce    1:1997cv00352 02/20/1997  550  02/20/1997
WATTS v. BREZZANO, et al

19 WATTS, ANDRE SYLVESTER pamdce 1:1996cv00368 03/01/1996  550  04/15/1996
Watts v. Brezzano, et al

20 WATTS, ANDRE SYLVESTER dcdce    1:2003cv00373 02/26/2003  530  02/26/2003
WATTS v. ASHCROFT

21 WATTS, ANDRE SYLVESTER vawdce 7:2006cv00392 06/28/2006  510  06/29/2006
Watts v. O'Brien et al

22 WATTS, ANDRE SYLVESTER vawdce 7:2006cv00398 06/30/2006  540  09/29/2006
Watts v. United States Parole Commission

23 WATTS, ANDRE SYLVESTER vaedce 1:2002cv00432 03/25/2002  550  04/15/2002
Watts v. Garraghty, et al

24 WATTS, ANDRE SYLVESTER mddce  8:2003cv00464 02/19/2003  540  03/04/2003
Watts v. USDC

25 WATTS, ANDRE SYLVESTER pamdce 1:1997cv00528 04/04/1997  550  06/24/1997
Watts v. Brezzano, et al

26 WATTS, ANDRE SYLVESTER dcdce    1:2005cv00561 03/18/2005  550  03/18/2005
WATTS v. GEORGE et al

27 WATTS, ANDRE SYLVESTER vawdce 7:2005cv00601 09/28/2005  530  01/31/2006
Watts v. Federal Bureau of Prisons

28 WATTS, ANDRE SYLVESTER vawdce 7:2004cv00610 10/20/2004  530  10/20/2004
Watts v. Miller

29 WATTS, ANDRE SYLVESTER dcdce    1:1997cv00647 03/31/1997  540  05/30/1997
WATTS v. US PAROLE COMMISSION

30 WATTS, ANDRE SYLVESTER mddce  8:2006cv00652 03/13/2006  550  03/16/2006
Watts v. White

31 WATTS, ANDRE SYLVESTER gandce 1:2004cv00653 03/08/2004  530  05/19/2004
Watts v. Wiley

32 WATTS, ANDRE SYLVESTER dcdce    1:1999cv00735 03/25/1999  555  05/11/1999
WATTS v. DC, et al

33 WATTS, ANDRE SYLVESTER vawdce 7:2004cv00740 12/17/2004  550  12/17/2004
Watts v. Roff et al

34 WATTS, ANDRE SYLVESTER dcdce    1:2006cv00755 04/25/2006  550
WATTS v. FEDERAL BUREAU OF PRISONS

35 WATTS, ANDRE SYLVESTER dcdce    1:2006cv00777 04/27/2006  550

WATTS v. GONZALES

36 WATTS, ANDRE SYLVESTER vaedce  1:1996cv00784 06/04/1996  510  06/04/1996
Watts v. U.S.A.

37 WATTS, ANDRE SYLVESTER dcdce  1:2005cv00849 04/29/2005  550  12/19/2005
WATTS v. U.S. DEPARTMENT OF JUSTICE et al

38 WATTS, ANDRE SYLVESTER vaedce  1:2002cv00861 06/14/2002  550  07/29/2002
Watts v. Eastern-Taylor, et al

39 WATTS, ANDRE SYLVESTER dcdce  1:2006cv00898 05/11/2006  540  05/11/2006
WATTS v. WATTS

40 WATTS, ANDRE SYLVESTER dcdce  1:2002cv00901 05/09/2002  550  05/09/2002
WATTS v. USA

41 WATTS, ANDRE SYLVESTER mddce  1:1999cv00925 03/31/1999  530  04/08/1999
Watts v. U.S. Parole Comm., et al

42 WATTS, ANDRE SYLVESTER mddce  8:2005cv01036 04/15/2005  530  10/06/2005
Watts v. United States Parole Commission

43 WATTS, ANDRE SYLVESTER scdce  0:2003cv01096 04/08/2003  555  05/21/2003
Watts v. FBOP

44 WATTS, ANDRE SYLVESTER vaedce  1:2001cv01134 07/18/2001  530  08/07/2001
Watts v. Garraghty

45 WATTS, ANDRE SYLVESTER pamdce  1:1997cv01245 08/13/1997  540  08/22/1997
Watts v. USPC

46 WATTS, ANDRE SYLVESTER dcdce  1:2003cv01294 06/17/2003  550  09/26/2005
WATTS v. FBOP, et al

47 WATTS, ANDRE SYLVESTER dcdce  1:2001cv01329 06/14/2001  550  11/01/2001
WATTS, et al v. WILLIAMS, et al

48 WATTS, ANDRE SYLVESTER dcdce  1:1997cv01367 06/17/1997  550  06/26/1997
WATTS v. FED BUREAU OF PRISON

49 WATTS, ANDRE SYLVESTER scdce  0:2003cv01417 06/16/2003  530  02/19/2004
Watts v. Smith, et al

50 WATTS, ANDRE SYLVESTER vaedce  1:2001cv01434 09/18/2001  530  10/19/2001
Watts v. Garraghty

51 WATTS, ANDRE SYLVESTER dcdce  1:2000cv01436 06/16/2000  530  10/11/2001
WATTS v. HARRISON

52 WATTS, ANDRE SYLVESTER vaedce  1:2001cv01502 09/27/2001  530  04/21/2003
Watts, et al v. Angelone, et al

53 WATTS, ANDRE SYLVESTER dcdce  1:2006cv01531 08/30/2006  550
WATTS v. UNITED STATES

54 WATTS, ANDRE SYLVESTER dcdce  1:2004cv01629 09/23/2004  550  03/14/2005
WATTS v. UNITED STATES DEPARTMENT OF JUSTICE, et al.


Next 12

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/11/2006 13:56:53 | | |
| **PACER Login:** | ▮▮▮▮▮ | **Client Code:** ▮▮▮▮▮ |
| **Description:** | Civil srch pg 1 | **Search Criteria:** | WATTS, ANDRE SYLVESTER |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

## U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

?**?**? Help

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 9 2006

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

ANDRE SYLVESTER WATTS,        )
    Petitioner,        )        Civil Action No. 7:06CV00392
         )
v.        )        **MEMORANDUM OPINION**
         )
WARDEN O'BRIEN, et al.,        )        By: Hon. Glen E. Conrad
    Respondents.        )        United States District Judge

The petitioner, Andre Sylvester Watts, a federal inmate proceeding pro se, filed this action as

a petition for writ of habeas corpus under 28 U.S.C. § 2241. Watts alleges that prison officials have

improperly refused to give him grievance forms. Based on the nature of Watts's allegations, this

action is more appropriately construed as one under Bivens v. Six Unknown Named Agents of Fed.

Bureau of Narcotics, 403 U.S. 388 (1971).[1] For the reasons that follow, the court concludes that

Watts has failed to state a claim upon which relief may be granted. Accordingly, the court will

dismiss the action pursuant to 28 U.S.C. § 1915A(b)(1).[2]

### Background

Watts is presently incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. He

executed the instant petition on June 25, 2006. Watts alleges that he was denied grievance forms on

several occasions in May and June of this year.

---

[1]Watts does not allege that the denial of grievance forms will in any way affect the duration of
his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (holding that challenges to the validity
or duration of confinement are properly raised in a habeas petition); Muhammad v. Close, 540 U.S. 749,
754-755 (2004) (holding that the plaintiff's allegations regarding an improper disciplinary conviction
failed to raise a cognizable claim for habeas relief, where the disciplinary conviction did not actually
affect the duration of the plaintiff's sentence). While the United States Supreme Court has suggested that
habeas relief may be available to challenge conditions of confinement when the conditions are so onerous
as to render an inmate's custody illegal, Preiser, 411 U.S. at 499, such conditions are not alleged in this
case. Thus, even if Watts's claims were analyzed under § 2241, they would still be subject to dismissal.

[2]Section 1915A(b)(1) provides that the court shall dismiss a civil action filed by an inmate as
soon as practicable if the complaint fails to state a claim upon which relief may be granted.



Watts submitted several exhibits with his petition. The exhibits demonstrate that on June 4, 2006, Watts requested eighteen grievance forms. When his request was denied, Watts submitted an inmate request to Warden O'Brien. The Warden advised Watts that he could only receive one form at a time.

### Discussion

To the extent Watts alleges that prison officials violated his due process rights by refusing to provide grievance forms, his allegations are without merit. It is well established that "there is no constitutional right to participate in grievance proceedings." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, the federal regulations pertaining to the Bureau of Prisons' grievance procedure do not give rise to a protected liberty interest. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (holding "that the federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure."). Accordingly, Watts has failed to state a due process claim.

To the extent Watts's allegations can be construed to assert an access to courts claim under the First Amendment, such claim is also without merit. It is well established that inmates have a fundamental right to "adequate, effective, and meaningful" access to courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). However, in order to prove that this right has been violated, an inmate must show that he has suffered an actual injury or specific harm to his litigation efforts. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993). Because Watts has not alleged facts demonstrating any specific harm to his litigation efforts, his access to courts claim must be dismissed.

For the reasons stated, the court will dismiss this action for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum

2

opinion and the accompanying order to the petitioner and counsel of record for the respondents.

**ENTER:** This ___29th___ day of June, 2006.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 9 2006

JOHN F. CORCORAN, CLERK
BY: 01
DEPUTY CLERK

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00392 |
| | ) | |
| v. | ) | **FINAL ORDER** |
| | ) | |
| WARDEN O'BRIEN, et al., | ) | By: Hon. Glen E. Conrad |
| Respondents. | ) | United States District Judge |

In accordance with the accompanying memorandum opinion, it is now

**ORDERED**

that this action shall be and hereby is **DISMISSED** without prejudice, pursuant to 28 U.S.C. §

1915A(b)(1), and **STRICKEN** from the active docket of the court.

The Clerk is directed to send certified copies of this order and the accompanying

memorandum opinion to the petitioner and counsel of record for the respondents.

**ENTER:** This ___29ᵗʰ___ day of June, 2006.

_____
United States District Judge

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 3 1 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANDRE WATTS,                              )
        Petitioner,                       )      Civil Action No. 7:06CV00334
                                          )
v.                                        )      **MEMORANDUM OPINION**
                                          )
TERRY O'BRIEN, WARDEN,                    )      By: Hon. Glen E. Conrad
        Respondent.                       )      United States District Judge

The petitioner, Andre Watts, a federal inmate proceeding <u>pro se</u>, filed this action as a

petition for writ of mandamus under 28 U.S.C. § 1361. For the following reasons, the court

concludes that the action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[1]

<div align="center">Background</div>

Watts is presently incarcerated at United States Penitentiary - Lee in Jonesville,

Virginia. Watts is housed in the special housing unit at the prison, pursuant to an administrative

detention order issued on May 24, 2006. According to Watts, the administrative detention order

was allegedly issued for the purpose of investigating a disciplinary violation. However, Watts

contends that he has not committed any disciplinary violations, and that there is no need for him

to be held in the special housing unit. Watts alleges that the respondent violated the federal

regulations pertaining to administrative detention, 28 C.F.R. §§ 541.10-541.23, by not providing

copies of the incident report or administrative detention order in a timely manner. Watts further

alleges that the respondent violated his due process rights. Watts now seeks a writ of mandamus

directing the respondent to release him from the special housing unit.

---

[1]Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the
court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.



<u>Discussion</u>

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." <u>Kerr v. United States Dist. Court</u>, 426 U.S. 394, 402 (1976). The party seeking mandamus relief must show that he has no other adequate means to attain the relief he desires and that his entitlement to relief is clear and undisputable. <u>Allied Chem. Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980). The United States Court of Appeals for the Fourth Circuit has held that a party seeking a writ of mandamus must demonstrate "each and every one" of the following "rigorous" requirements: "(1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances." <u>United States ex rel. Rahman v. Oncology Assocs., P.C.</u>, 201 F.3d 277, 286 (4th Cir. 1999).

In this case, it is clear that Watts has other adequate means to attain the relief he requests. First, Watts may seek relief through the Federal Bureau of Prisons' administrative remedy process, which enables inmates to obtain formal review of issues that relate to any aspect of their confinement. <u>See</u> 28 C.F.R. §§ 542.10-542.19. Watts may also file an action for injunctive relief under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[2] Consequently, because other adequate means of obtaining the relief Watts desires are available, Watts is not entitled to mandamus relief.

---

[2] The court notes that if the petitioner chooses to file a <u>Bivens</u> action, he must first exhaust his administrative remedies. <u>See</u> 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.").

For the reasons stated, Watts's petition for writ of mandamus must be dismissed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This ___31st___ day of May, 2006.

_____

United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 3 1 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| ANDRE WATTS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00334 |
| | ) | |
| v. | ) | **FINAL ORDER** |
| | ) | |
| TERRY O'BRIEN, WARDEN, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

In accordance with the accompanying memorandum opinion, it is hereby

**ORDERED**

that the petition for writ of mandamus filed by the petitioner shall be **DISMISSED** and

**STRICKEN** from the active docket of the court, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send certified copies of this order and the accompanying

memorandum opinion to the petitioner and counsel of record for the respondent.

**ENTER:** This _31st_ day of May, 2006.

_____
United States District Judge

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 2 2006

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE SYLVESTER WATTS, | ) |
| Petitioner, | )     Civil Action No. 7:06CV00291 |
| | ) |
| v. | )     **MEMORANDUM OPINION** |
| | ) |
| TERRY O'BRIEN, WARDEN, | )     **By: Hon. Glen E. Conrad** |
| Respondent. | )     **United States District Judge** |

The petitioner, Andre Sylvester Watts, a federal inmate proceeding pro se, filed this action

as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Watts challenges the legality of his

confinement in administrative detention at United States Penitentiary (USP) - Lee in Jonesville,

Virginia. Having reviewed Watts's allegations, the court concludes that he has failed to state a

claim upon which relief may be granted. Therefore, the court will dismiss the petition.[1]

### Background

Watts executed the instant petition on May 9, 2006. He alleges that he has been housed in

administrative detention since May 7, 2006. On that date, Watts was charged with using a

telephone to further criminal activity. Watts contends that his due process rights were violated as a

result of being placed in administrative detention, because there was insufficient evidence to

support the disciplinary charge.

### Discussion

In order to prevail on a procedural due process claim, "inmates must first demonstrate that

they were deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120

F.3d 500, 503 (4th Cir. 1997). A prison disciplinary action implicates a liberty interest requiring due

---

[1]The court notes that because the petitioner's allegations relate to the conditions of his confinement,
as opposed to the fact or duration of his confinement, the petition may be more appropriately construed as a
civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388
(1971). However, regardless of how the petition is construed, the court concludes that the petitioner has failed
to state a claim upon which relief may be granted.



process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[2] Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997).

Having reviewed Watts's allegations, the court concludes that he has failed to allege sufficient facts to establish that his confinement in administrative detention poses an atypical and significant hardship in relation to ordinary prison life. See Id. at 504-505. As a result, Watts does not possess a liberty interest in avoiding confinement in administrative detention, and he is not entitled to due process protections.

For the reasons stated, the petition must be dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This ___13th___ day of May, 2006.

_____
United States District Judge

---

[2]The court notes that although Sandin addressed the constitutional rights of state inmates, the Supreme Court's analysis of liberty interests has been applied to due process claims filed by federal inmates as well. See Ajaj v. Smith, 108 Fed. Appx. 743, 744 (4th Cir. 2001) (unpublished); Farmer v. Hambrick, 1998 U.S. App. LEXIS 14971 (4th Cir. 1998) (unpublished); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995); Crowder v. True, 74 F.3d 812, 814-15 (7th Cir. 1995).

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 12 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00291 |
| | ) | |
| v. | ) | **FINAL ORDER** |
| | ) | |
| TERRY O'BRIEN, WARDEN, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

In accordance with the accompanying memorandum opinion, it is hereby

### ORDERED

that the petition for writ of habeas corpus filed by the petitioner shall be **DISMISSED** and

**STRICKEN** from the active docket of the court.

The Clerk is directed to send certified copies of this order and the accompanying

memorandum opinion to the petitioner and counsel of record for the respondent.

ENTER: This _12th_ day of May, 2006.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**JAN 3 1 2006**

JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

|  |  |
|---|---|
| ANDRE SYLVESTER WATTS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| FEDERAL BUREAU OF PRISONS,<br>    Defendant. | )<br>)<br>) |

Civil Action No. 7:05CV00601

**MEMORANDUM OPINION**

**By: Hon. Glen E. Conrad**
**United States District Judge**

    Andre Sylvester Watts, a federal inmate proceeding <u>pro se</u>, filed this action as a petition

for writ of habeas corpus under 28 U.S.C. § 2241. Watts seeks equitable relief for an alleged due

process violation stemming from his increased custody classification. Based on the nature of

Watts's claim, the court agrees with the Federal Bureau of Prisons (Bureau) that this action is

more appropriately construed as one under <u>Bivens v. Six Unknown Named Agents of Fed.</u>

<u>Bureau of Narcotics</u>, 403 U.S. 388 (1971). For the reasons that follow, the court will grant the

Bureau's motion to dismiss.

## BACKGROUND

    On May 26, 1999, Watts was convicted of robbery and assault on a police officer in the

Superior Court of the District of Columbia. Watts was sentenced to consecutive terms of three to

nine years for the robbery conviction and one to three years for the assault conviction. Watts has

been incarcerated at the United States Penitentiary in Lee County, Virginia since 2004.

    On February 5, 2005, Watts was classified in accordance with Bureau of Prisons Program

Statement (P.S.) 5100.07. This program statement contains the procedure for assigning custody



levels to inmates according to their criminal histories, current offense[*], and institutional behavior.

An inmate's custody level dictates the degree of staff supervision required for that inmate. See

P.S. 5100.07, Chapter 2, Page 2. Watts was ultimately assigned to "in" custody, which requires

the second highest level of security and staff supervision. Id. Watts's custody classification was

based, in part, on the severity of his current offense. The program statement provides that any

robbery offense is considered an offense of the "greatest severity." Id., Appendix B, Page 1. As

a result of having committed an offense of the greatest severity, seven points were added to

Watts's base score. Id., Chapter 8, Page 4.

Watts now alleges that the Bureau improperly calculated his custody calculation score,

and that the Bureau's improper calculation has affected his ability to transfer to a lower security

facility.

## DISCUSSION

The Bureau has moved to dismiss Watts's complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. When deciding a motion under this rule, the court must

determine "whether the complaint, under the facts alleged and under any facts that could be

proved in support of the complaint, is legally sufficient." E. Shore Mkt., Inc. v .J.D. Assoc. Ltd.

P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The court must accept the allegations in the complaint

as true, and draw all reasonable factual inferences in favor of the plaintiff. The court should not

dismiss a complaint for failure to state a claim, unless it appears beyond doubt that the plaintiff

---

[*] An inmate's current offense is "the most severe offense for which the inmate is satisfying his or her legal confinement obligation." P.S. 5100.07, Chapter 2, Page 2.

2

can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In his complaint, Watts appears to allege that the Bureau violated his right to due process by classifying him at a higher level. The court agrees with the Bureau that such allegations fail to state a claim upon which relief may be granted. In order to establish a due process claim, "'a plaintiff must prove that he possessed a protected liberty or property interest and that he was deprived of that interest without being afforded the process to which he was constitutionally entitled.'" Posey v. DeWalt, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999) (quoting Jackson v. Bostick, 760 F. Supp. 524, 528 (D. Md. 1991)). As the Bureau explains in its motion to dismiss, Watts has no protected liberty interest in a particular custody classification or in being confined in a particular institution. See Id.; Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 at n. 9 (1976). Instead, the Bureau "has the discretion 'to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever and for no reason at all.'" Posey, 86 F. Supp. 2d at 571 (quoting Lyons v. Clark, 694 F. Supp. 184, 187 (E.D. Va. 1988)). Since Watts does not have a protected interest in a particular classification or in being assigned to a particular institution, his due process claim must be dismissed.

In response to the Bureau's motion, Watts also alleges that P.S. 5100.07 should be rescinded, because the Bureau failed to afford him "notice and opportunity to comment as mandated under 5 U.S.C. § 553 before its implementation." However, because the Bureau's program statement is analogous to an interpretative rule, it is excluded from the Administrative Procedure Act's notice and comment provisions. See Reno v. Koray, 515 U.S. 50, 59 (1995).

3

## CONCLUSION

For the reasons stated, the court concludes that Watts has failed to state a claim upon which relief may be granted.  Accordingly, the court will grant the Bureau's motion to dismiss. The Clerk is directed to send a certified copy of this opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This _21 st_ day of January, 2006.

_____
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2006

JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05CV00601 |
| | ) | |
| v. | ) | **FINAL ORDER** |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

In accordance with the accompanying memorandum opinion, it now

**ORDERED**

that the defendant's motion to dismiss shall be and hereby is **GRANTED**, and the above

referenced civil action shall be and hereby is **STRICKEN** from the active docket of the court.

The Clerk is directed to send certified copies of this order and the accompanying

memorandum opinion to the plaintiff and counsel of record for the defendants, if known.

ENTER: This 31� day of January, 2006.

_____
United States District Judge

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 6 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | Civil Action No. 7:05-CV-00258 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| GEORGE, ET AL., | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Andre Sylvester Watts, a Federal inmate proceeding pro se, brings this Bivens

action, with jurisdiction vested under 28 U.S.C. § 1331. Watts is currently incarcerated at the

United States Penitentiary in Lee County (USP Lee). Watts claims that the defendants have

violated the terms of the Prison Litigation Reform Act (PLRA) by unduly encumbering Watts's

inmate trust account. Watts seeks injunctive relief and damages. This matter is presently before

this court as a result of the court's screening function, as set out in 18 U.S.C. § 1915A. Because

Watts's complaint does not allege a claim for which relief may be granted, this court shall file

and dismiss this action, pursuant to 28 U.S.C. § 1915A(b)(1).

Under 28 U.S.C. § 1915A(b)(1), the court may dismiss a complaint that is frivolous,

malicious, or fails to state a claim upon which relief may be granted. For the reasons set forth below,

the court finds that Watts's complaint fails to state a claim upon which relief may be granted.

Watts alleges that the defendants are withdrawing money from his inmate trust account in

excess of that authorized by the PLRA. Watts claims that the PLRA only allows prison officials to

remove 20% of the amount over $10. However, the PLRA authorizes prison officials to withhold

20% of the inmate's prior month's income for each suit for which the inmate has provided a signed

consent form. See 28 U.S.C. § 1915(b)(2) (requiring the inmate "to make monthly payments of 20

percent of the preceding month's income").



According to the information provided by Watts, prison officials are withholding 20% of each month's income above $10 for each of Watts's five outstanding filing fees. The PLRA does not prohibit this action. Watts's has not stated a claim for which relief may be granted. Therefore, this court files and dismisses this <u>Bivens</u> action.

ENTER: This ___6th___ day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 6 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | Civil Action No. 7:05-CV-00258 |
| Plaintiff, | ) | |
| | ) | **FINAL ORDER** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| GEORGE, ET AL., | ) | United States District Judge |
| Defendants. | ) | |

In accordance with the Memorandum Opinion entered this day, it is hereby **ADJUDGED** and

**ORDERED** that plaintiffs' motion to proceed in forma pauperis shall be and hereby is **GRANTED**,

and this Bivens action shall be and hereby is **FILED** and **DISMISSED** without prejudice, pursuant

to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.  This action is hereby stricken from the

active docket of the court.

The Clerk of the Court is directed to send certified copies of this Order to the plaintiff.

**ENTER**:  This ___6th___ day of May, 2005.

_Glen E. Conrad_

UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2004

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | |
| #13799-083, | ) | Civil Action No. 7:04-CV- 00740 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | **By: Hon. Glen E. Conrad** |
| DR. ROFF, DR. JESUS, | ) | **United States District Judge** |
| Defendants. | ) | |

Plaintiff Andre Sylvester Watts, a Federal inmate proceeding <u>pro se</u>, brings this action for

a temporary restraining order. The complaint is construed as a <u>Bivens</u> action, with jurisdiction

vested under 28 U.S.C. § 1331. Watts claims that the defendants' failure to test everyone at the

United States Penitentiary in Lee County for Skabbies amounts to cruel and unusual punishment

in violation of the Eighth Amendment. Watts seeks a temporary restraining order (TRO)

requiring the testing of all inmates for Skabbies.

After reviewing the complaint, the court is of the opinion that plaintiff fails to show that a

TRO is necessary. In addition, the court is of the opinion that plaintiff has not exhausted all

administrative remedies and has not alleged a constitutional violation. Therefore, the court will

deny the TRO and file and dismiss this action, pursuant to 28 U.S.C. § 1915A(b)(1).

### I. Procedural History

Watts claims that the defendants have refused to test all inmates for Skabbies and that

their failure to do so jeopardizes the health of the inmates and amounts to cruel and unusual

punishment in violation of the Eighth Amendment. Watts alleges that he suffered from Skabbies

and was treated. Watts alleges that Skabbies causes a skin irritation. Watts requests that this



court issue a TRO to require the defendants to test all inmates for Skabbies.

## II. Analysis

Under 28 U.S.C. § 1915A(b)(1), the court may dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. For the reasons set forth below, the court finds that Watts's complaint fails to state a claim upon which relief may be granted.

### A. Temporary Restraining Order

The Court of Appeals for the Fourth Circuit has announced a four-part test in determining if injunctive relief is warranted. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). The court must determine:

> (1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal?
> (2) Has the petitioner shown that without such relief it will be irreparably injured?
> (3) Would the issuance of a stay substantially harm other parties interested in the proceeding?
> (4) Where lies the public interest?

Id. at 193.

Watts fails to address any of the Blackwelder factors in his motion for a TRO. However, because it appears that Watts has not exhausted his administrative remedies, and because his claim does not allege a constitutional violation, it is clear that he would not succeed on the merits. Therefore, the court will deny Watts's motion for a TRO.

2

### B. Exhaustion

In order for a federal court to hear <u>Bivens</u> action, the plaintiff must first exhaust all administrative remedies.  <u>See</u> 42 U.S.C. § 1997e(a).  In the case at bar, Watts has not alleged that he filed any grievances regarding his claims, much less that he exhausted all administrative remedies.  While the court would normally request information from the plaintiff regarding exhaustion, because Watts has not alleged a constitutional deprivation, the court will simply dismiss this action.

### C. Cruel and Unusual Punishment

The Eighth Amendment protects prisoners from cruel and unusual living conditions. <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981).  On the other hand, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." <u>Id.</u> at 347.  In fact, to state a claim of constitutional significance regarding prison conditions, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health.  <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); <u>Helling v. McKinney</u>, 509 U.S. 25 (1993).

Watts claims that he suffered from Skabbies and was later treated.  Watts alleges that Skabbies cause irritation to the skin.  Skin irritation does not rise to the level of a serious or significant physical injury, as required by <u>Strickler</u>.  Therefore, Watts has not alleged facts that

would constitute a violation of the Eighth Amendment.

### III. Conclusion

Watts has not provided a sufficient showing of irreparable harm, lack of harm to others, probability of success on the merits, or public policy considerations to warrant the issuance of a temporary restraining order. In addition, it appears from the petition that Watts has not exhausted his administrative remedies. Finally, Watts's claim does not show sufficient harm to constitute a violation of the Eighth Amendment. Therefore, this court denies Watts's request for a temporary restraining order and files and dismisses this <u>Bivens</u> action.

ENTER: This ___10th___ day of December, 2004.

_____
UNITED STATES DISTRICT JUDGE

4

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2004

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | Civil Action No. 7:04-CV- *007 4 0* |
| #13799-083, | ) | |
| Plaintiff, | ) | |
| | ) | **FINAL ORDER** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| DR. ROFF, DR. JESUS, | ) | United States District Judge |
| Defendants. | ) | |

In accordance with the Memorandum Opinion entered this day, it is hereby **ADJUDGED**

and **ORDERED** that plaintiffs' request for a temporary restraining order be and hereby is

**DENIED**, and this <u>Bivens</u> action be and hereby is **FILED** and **DISMISSED** without prejudice,

pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. This action is hereby stricken

from the active docket of the court.

The Clerk of the Court is directed to send certified copies of this Order to the plaintiff.

**ENTER:** This __14th__ day of December, 2004.

_____
UNITED STATES DISTRICT JUDGE

CLOSED, MAG

# U.S. District Court
## Eastern District of Virginia (Alexandria)
## CIVIL DOCKET FOR CASE #: 1:02-cv-00861-CMH

Watts v. Eastern-Taylor, et al
Assigned to: District Judge Claude M. Hilton
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 06/14/2002
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Andre Sylvester Watts**

represented by **Andre Sylvester Watts**
FCI Allenwood
PO Box 2000
White Deer, PA 17887-2000
PRO SE

**Defendant**

**Ms. Eastern-Taylor**
*S-1 Post Officer*

**Defendant**

**Lt. Hicks**

**Defendant**

**Sgt. Byrd**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2002 | 1 | Prisoner complaint administratively filed by Andre Sylvester Watts (karn) (Entered: 06/19/2002) |
| 06/14/2002 | 1 | CONSENT to trial by Magistrate by Andre Sylvester Watts (karn) (Entered: 06/19/2002) |
| 06/14/2002 | 2 | MEMORANDUM with Points and Authorities of Law by Andre Sylvester Watts in support of [1-1] civil rights complaint (karn) (Entered: 06/19/2002) |
| 06/14/2002 | 3 | APPLICATION/MOTION by Andre Sylvester Watts to Proceed in Forma Pauperis (karn) (Entered: 06/19/2002) |
| 07/29/2002 | 4 | ORDER, that this action is FILED solely for the administrative convenience of the Court; This action is DISMISSED for failure to state a claim, pursuant to 28 USC section 1915A(b)(1); Pltf is ADVISED that, pursuant to 28 USC section 1915(g), this dismissal may affect his ability to proceed in forma pauperis in future civil actions; [3-1] motion by |

| | | |
|---|---|---|
| | | Andre Sylvester Watts to Proceed in Forma Pauperis DENIED as moot (See Order for Details) (signed by Judge M. Hilton) Copies Mailed: yes [EOD Date: 7/30/02] (stas) (Entered: 07/30/2002) |
| 07/29/2002 | | Dismissed pursuant to 28 USC 1915 (stas) (Entered: 07/31/2002) |
| 07/29/2002 | | Case closed (stas) (Entered: 07/31/2002) |
| 07/29/2002 | | All Pleadings Accounted for and in Order (stas) (Entered: 07/31/2002) |
| 08/08/2002 | | Mail returned (copy of order, dated 7/29/02) sent to Andre Sylvester Watts (karn) (Entered: 08/09/2002) |
| 07/14/2003 | 5 | MOTION with Memorandum in Support by Andre Sylvester Watts for relief from judgment pursuant to FRCP Rule 60(b)(1) (kjon) (Entered: 07/16/2003) |
| 07/24/2003 | 6 | ORDER denying [5-1] motion by Andre Sylvester Watts to Reconsider Judgment; Should pltf wish to appeal, written Notice of Appeal must be filed with the Clerk of this Court within 30 days of the date of this Order. (see order for details) ( signed by Judge Claude M. Hilton ) Copies Mailed: 7/28/03 [EOD Date: 7/28/03] (karn) (Entered: 07/28/2003) |
| 08/04/2003 | 7 | NOTICE OF APPEAL OF [6-1] order of 7/24/03 by Andre Sylvester Watts. Copy of notice, order, and certified docket sheet mailed to USCA. Copies sent to Andre Sylvester Watts (karn) (Entered: 08/05/2003) |
| 08/18/2003 | | USCA Case Number Re: [7-1] appeal by Andre Sylvester Watts CASE MANAGER: Joy Hargett USCA NUMBER: 03-7212 (karn) (Entered: 08/18/2003) |
| 08/18/2003 | 8 | NOTICE of change of Address by Andre Sylvester Watts to: FCI Gilmer, P.O. Box 6000, Glenville, WV 26351 (karn) (Entered: 08/19/2003) |
| 08/20/2003 | | Certified and transmitted Record on Appeal to U.S. Court of Appeals: [7-1] appeal by Andre Sylvester Watts (1 VOLUME) (karn) (Entered: 08/20/2003) |
| 09/08/2003 | 9 | USCA Order as to plaintiff Andre Sylvester Watts; The Court grants appellant leave to proceed on appeal without full prepayment of fees on the terms imposed by the Prison Litigation Reform Act. (karn) (Entered: 09/09/2003) |
| 01/15/2004 | 10 | Opinion of USCA re: [7-1] appeal by Andre Sylvester Watts DECIDED: 1/14/04 AFFIRMING the reasons stated in the district court's order (karn) (Entered: 01/15/2004) |
| 02/06/2004 | 11 | JUDGMENT OF USCA (certified copy) with copy of opinion of USCA affirming the judgment of the District Court re: [7-1] appeal (karn) (Entered: 02/06/2004) |
| 02/06/2004 | | Record on Appeal returned from U.S. Court of Appeals: 1 Volume (karn) (Entered: 02/06/2004) |
| 06/08/2004 | | Prisoner Payment paid in the amount:$ 11.05 Receipt: 100 172806 (karn) |

|            |  |                                                                                                                   |
|------------|--|-------------------------------------------------------------------------------------------------------------------|
|            |  | (Entered: 06/09/2004)                                                                                             |
| 06/08/2004 |  | Prisoner Payment paid in the amount:$ 1.65 Receipt: 100 172805 (karn) (Entered: 06/09/2004)                        |
| 12/07/2004 |  | Prisoner Payments paid in the amount:$ .31 and $.76 Receipt: 100 176969 & 100 176970 (karn) (Entered: 12/07/2004)  |
| 05/10/2005 |  | Prisoner Payment: $ 3.40, receipt number 100 180386 (karn, ) (Entered: 05/10/2005)                                |
| 06/06/2005 |  | Prisoner Payment in the amount of $ 8.52, receipt number 100 180968 (jcup, ) (Entered: 06/07/2005)                |
| 09/09/2005 |  | Filing fee: $ 0.60, receipt number 100 182905 (jwhe, ) (Entered: 09/12/2005)                                      |
| 12/09/2005 |  | Prisoner Payment: $ 2.56, receipt number 100 184721 (jwhe, ) (Entered: 12/09/2005)                                |
| 01/10/2006 |  | Prisoner Payment paid in the amount: $ 3.52, receipt number 100 185260 (klau, ) (Entered: 01/10/2006)             |
| 02/07/2006 |  | Filing fee: $ 3.52, receipt number 100185817 (jwhe, ) (Entered: 02/07/2006)                                       |
| 03/09/2006 |  | Prisoner Payment/Filing fee received: $ 3.52, receipt number 100 186596 (stas) (Entered: 03/10/2006)              |
| 04/11/2006 |  | Prisoner Payment: $ 2.77, receipt number 100 187297 (pmil) (Entered: 04/12/2006)                                  |
| 05/09/2006 |  | Filing fee: $ 3.86, receipt number 100 187919 (jwhe, ) (Entered: 05/10/2006)                                      |
| 06/07/2006 |  | Prisoner Payment: $ 4.20, receipt number 100 188469 (pmil) (Entered: 06/07/2006)                                  |
| 09/12/2006 |  | Prisoner Payment: $ 5.04, receipt number 100 190202 (nhall) (Entered: 09/12/2006)                                 |

| PACER Service Center |              |                 |                     |
|----------------------|--------------|-----------------|---------------------|
| **Transaction Receipt** |           |                 |                     |
| 10/11/2006 09:38:51  |              |                 |                     |
| **PACER Login:**     | mr0338       | **Client Code:**    | stevens         |
| **Description:**     | Docket Report | **Search Criteria:** | 1:02-cv-00861-CMH |
| **Billable Pages:**  | 2            | **Cost:**           | 0.16            |

CLOSED

# U.S. District Court
## Eastern District of Virginia (Alexandria)
### CIVIL DOCKET FOR CASE #: 1:02-cv-00432-CMH

Watts v. Garraghty, et al
Assigned to: District Judge Claude M. Hilton
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 03/25/2002
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Andre Sylvester Watts**

represented by **Andre Sylvester Watts**
FCI Allenwood
PO Box 2000
White Deer, PA 17887-2000
PRO SE

**Defendant**

**David Garraghty**

**Defendant**

**Tammey Brown**

**Defendant**

**Dana Kinsley**

**Defendant**

**(Unknown) Dugger**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/25/2002 | 1 | Prisoner complaint administratively filed by Andre Sylvester Watts (clerk) (Entered: 03/26/2002) |
| 03/25/2002 | 2 | MOTION by Andre Sylvester Watts to Proceed in Forma Pauperis (clerk) (Entered: 03/26/2002) |
| 04/15/2002 | 3 | MEMORANDUM OPINION AND ORDER, that This action is FILED solely for the administrative convenience of the Court; This action is DISMISSED for failure to state a claim, pursuant to 28 USC 1915A(b)(1); Pltf is ADVISED that, pursuant to 28 USC 1915(g), this dismissal may affect his ability to proceed forma pauperis in future civil actions; and The Clerk is DIRECTED to note the disposition of this action for purposes of the PLRA. (See Order for Details) (signed by Judge M. Hilton) Copies Mailed: yes [EOD Date: 4/16/02] (stas) Modified on 04/16/2002 (Entered: 04/16/2002) |

| 04/15/2002 | | Dismissed pursuant to 28 USC 1915 (stas) (Entered: 04/16/2002) |
| 04/15/2002 | | Case closed (stas) (Entered: 04/16/2002) |
| 04/15/2002 | | All Pleadings Accounted for and in Order (stas) (Entered: 04/16/2002) |
| 04/25/2002 | 4 | MOTION by Andre Sylvester Watts to alter pursuant to FRCP Rule 59(e) order dated 4/15/02 , or by Andre Sylvester Watts to Amend [3-1] order dated 4/15/02 (kjon) (Entered: 04/29/2002) |
| 05/15/2002 | 5 | ORDER that pltf's [4-1,2] motion to alter pursuant to FRCP Rule 59(e) or Amend is DENIED. ( signed by Judge Claude M. Hilton ) Copies Mailed: 5.16.02 [EOD Date: 5/16/02] (agil) (Entered: 05/16/2002) |
| 06/26/2002 | 6 | NOTICE of change of Address by Andre Sylvester Watts (karn) (Entered: 07/02/2002) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 10/11/2006 09:51:11 | | | |
| PACER Login: | mr0338 | Client Code: | stevens |
| Description: | Docket Report | Search Criteria: | 1:02-cv-00432-CMH |
| Billable Pages: | 1 | Cost: | 0.08 |

**FOIA Report**

| Case Number | Title | Received | Due | Complete | Days | Agency | Facility | Reg# | First Name | Last Name |
|---|---|---|---|---|---|---|---|---|---|---|
| 2005-02430 | Manual on Regular/Legal Mail Procedures | 01/27/05 | 02/25/05 | 04/07/05 | 49 | Federal Bureau of Prisons | | 13799-083 | | |
| 2005-08482 | all reports (Lee County) | 08/31/05 | 09/29/05 | 10/04/05 | 23 | Federal Bureau of Prisons | | 13799-083 | Andre | Watts |
| 2005-08621 | LEE - Inmate Trust Fund Info | 09/13/05 | 10/12/05 | 10/14/05 | 22 | FCI Beckley | USP Lee | 13799-083 | Andre | Watts |
| 2006-01692 | directive for Case Manager | 12/01/05 | 12/30/05 | 03/28/06 | 79 | Federal Bureau of Prisons | | 13799-083 | Andre | Watts |
| 2006-03865 | LEE - J&C; Comp; Comm. Papers; Transfer Order, etc | 03/03/06 | 03/31/06 | 04/07/06 | 25 | FCI Beckley | USP Lee | 13799-083 | Andre | Watts |
| 2006-09401 | LEE - SHU Log - 05/06-06; Med & Psych Records; etc. | 08/23/06 | 09/21/06 | 09/12/06 | 13 | FCI Beckley | USP Lee | 13799-083 | Andre | Watts |
| 2006-09404 | LEE - All info submitted to Parole Comm; All info re IR dated 7/23/06; etc. | 08/23/06 | 09/21/06 | 09/15/06 | 16 | FCI Beckley | USP Lee | 13799-083 | Andre | Watts |
| 2007-01425 | LEE - Copies of all tort claims filed. | 11/21/06 | 12/20/06 | 12/18/06 | 18 | FCI Beckley | USP Lee | 13799-083 | Andre | Watts |
| **Total: 8** | | | | | | | | | | |



**U.S. Department of Justice**

Federal Bureau of Prisons

*Beckley Consolidated Legal Center*

*1600 Industrial Park Road, P.O. Box 1280
Beaver, West Virginia 25813*

October 14, 2005

Andre Watts
Reg. No. 13799-083
USP Lee County
P.O. Box 305
Jonesville, VA 24263

Re:    FOI Request No. 2005-08621

Dear Mr. Watts:

This is in response to your letter requesting copies of Federal Bureau of Prisons records.
Specifically, you have asked for a listing of all vendors for USP Lee County and the capital and
assets of the Trust Fund.

We have located 11 pages responsive to your request and have determined that 2 pages are
released in their entirety and 9 pages have had information withheld.

The above withholding of records is pursuant to:

 X    Title 5, United States Code, Section 552(b)(2), which exempts from disclosure records or
information related solely to the internal personnel rules and practices of an agency.

 X    Title 5, United States Code, Section 552(b)(6), which exempts personnel and
medical files and similar files to preclude a clearly unwarranted invasion of
personal privacy surrounding other individuals.

 X    Title 5, United States Code, Section 552(b)(7)(C), which exempts from disclosure records
or information compiled for law enforcement purposes which would constitute a clearly
unwarranted invasion of personal privacy surrounding other individuals.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9, this partial denial may be
appealed to the Attorney General by filing a written appeal within sixty days of the receipt of this



letter. The appeal should be addressed to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Debbie Stevens
Supervisory Attorney

for:

Richard W. Schott
Regional Counsel

Enclosure



**U.S. Department of Justice**

Federal Bureau of Prisons

*Beckley Consolidated Legal Center*

*1600 Industrial Park Road, P.O. Box 1280*
*Beaver, West Virginia 25813*

April 7, 2006

Andre Watts
Reg. No. 13799-083
USP Lee County
P.O. Box 305
Jonesville, VA 24263

Re:    FOI Request No. 2006-03865

Dear Mr. Watts:

This is in response to your February 21, 2006 letter requesting copies of Federal Bureau of Prisons records. Specifically, you have asked for copies of your J&C, computation records, transfer orders and requests, redesignation requests, classification forms, management variables, furlough approvals, clearance data sheets, prosecuting agency reports, and U.S. Attorney/Judge reports.

We have located 219 pages responsive to your request and have determined that 191 pages are releasable to you in their entirety, 1 page has had information withheld and 27 pages have been withheld.

The above withholding of records is pursuant to:

 __X__    Title 5, United States Code, Section 552(b)(2), which exempts from disclosure records or information related solely to the internal personnel rules and practices of an agency.

Effective September 19, 2002, pursuant to re-issued Program Statement 1351.05 "Release of Information," for safety and security reasons, inmates may no longer have in their possession a copy of their Federal Presentence Report (PSR). You may, however, access and review your PSR by following the local procedures for gaining access to your central file.



Pursuant to Title 28, Code of Federal Regulations, Section 16.9, this partial denial may be appealed to the Attorney General by filing a written appeal within sixty days of the receipt of this letter. The appeal should be addressed to the Office of Information and Privacy, U.S. Department of Justice, 1425 New York Avenue, N.W., Suite 11050, Washington, D.C. 20530-0001. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Debbie Stevens
Supervisory Attorney

for:

Richard W. Schott
Regional Counsel

Enclosure



**U.S. Department of Justice**

Federal Bureau of Prisons

*Beckley Consolidated Legal Center*

*1600 Industrial Park Road, P.O. Box 1280*
*Beaver, West Virginia 25813*

September 12, 2006

Andre Watts
Reg. No. 13799-083
USP Lee County
P.O. Box 305
Jonesville, VA 24263

Re:    FOI Request No. 2006-09401

Dear Mr. Watts:

This is in response to your August 6, 2006 letter requesting copies of Federal Bureau of Prisons records. Specifically, you have asked for copies of Special Housing Unit Logs dated May and June 2006, Medical and Psychological records dated May and June 2006, any SIS records dated May and June 2006, any information related to an incident report dated 7/23/2006, and any correspondence you submitted to the Warden dated May and June 2006.

We have located 84 pages responsive to your request and have determined that 16 pages are releasable to you in their entirety and 68 pages have had information withheld.

The above withholding of records is pursuant to:

___X___ Title 5, United States Code, Section 552(b)(2), which exempts from disclosure records or information related solely to the internal personnel rules and practices of an agency.

___X___ Title 5, United States Code, Section 552(b)(7)(C), which exempts from disclosure records or information compiled for law enforcement purposes which would constitute a clearly unwarranted invasion of personal privacy surrounding other individuals.

___X___ Title 5, United States Code, Section 552(b)(7)(F), which provides for the withholding of records or information compiled for law enforcement purposes



which could endanger the lives or physical safety of an individual.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9, this partial denial may be appealed to the Attorney General by filing a written appeal within sixty days of the date of this letter. The appeal should be addressed to the Office of Information and Privacy, U.S. Department of Justice, 1425 New York Avenue, N.W., Suite 11050, Washington, D.C. 20530-0001. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Lara P. Crane
Attorney

for:

Richard W. Schott
Regional Counsel

Enclosure

To: Federal Bureau of Prisons
From: Andre Watts, 13799083, P.o. Box 305, Jonesville, Va 24463
Subj: FOIA/PA
Date: 7/27/06

MX NO

Dear, Federal Bureau of Prison,
Pursuant to 5 USC 552 - 552a I hereby request the
following: 2006-03825

1. Any/All records, reports or correspondence submitted by USP Lee
   Personel and Mid-Atlantic Regional Personel to the U.S. Parole
   Commission concerning requestor

2. Any/All memo's submitted by Case Manager Willis, Lt Nash,
   officer McClellan to the UDC and the DHO Concerning the
   Incident report of 7/23/06

3. Any/All grievances filed against Case Manager Willis while
   residing in a Case Manager Capacity within USP Lee

4. Any/All pyschological referrals by Unit Manager Myers and/or
   Case Manager or both or any other Executive or Administrative
   Personel at USP Lee to the Psychology Dept.

5. Any/All Correspondence by Adm. Personel concerning the 7/23/06
   Incident report, not limited to: Warden O'Brien, Aw Strickland,
   Captain Williams and SIA Cregan

6. Any/All determinations of the reliability of informants
   regarding the 7/23/06 Incident report or prior.
   Your office have 10 working days to answer, if fail to comply,
   requestor will file a writ of mandamus for compliance.

RECEIVED
AUG 4 2006
FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

2006-09404
Due 9/21



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDRE SYLVESTER WATTS, )
)
Plaintiff, )
) Civil Action No. 06-1955 (RJL)
v. )
)
FEDERAL BUREAU OF PRISONS, )
)
Defendant. )

## DECLARATION OF LARA CRANE

I am the Attorney Advisor for the Beckley Consolidated Legal Center, located at the Federal Correctional Institution (FCI) Beckley, West Virginia.

1. The Beckley Consolidated Legal Center oversees legal matters arising at various Bureau of Prisons institutions, including matters that arise at USP Lee County, located in Virginia.

2. As the Attorney Advisor I have access to information regarding Freedom of Information Act (FOIA) requests filed by inmates at USP Lee County.

3. My review of PACER revealed that Plaintiff has filed at least 54 suits in various federal courts. See Defendant's Exhibit A, PACER Case Index Report. Of these suits, at least 8 have been dismissed such that they count as strikes under the PLRA.

4. Via letter dated July 27, 2006, Plaintiff requested certain information, pursuant to the Freedom of Information Act ("FOIA"). See Compl. p.1.

5. Defendant responded by letter dated September 15, 2006. In the letter, BOP advised Plaintiff to either reformulate his request or provide an advance payment. See Exhibit attached to Compl.

6. Plaintiff did not reformulate his request, provide an advance payment or appeal BOP's decision.

Page 1 of 2



I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of January 2007.

Lara Crane
Attorney Advisor
Beckley Consolidated Legal Center
Federal Bureau of Prisons